## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-mj-8274-WM

UNITED STATES OF AMERICA

v.

DERRICK LANARD SHEALEY,

Defendant.

/

**FILED BY_____SW_____D.C.**

**May 22, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY:

JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:    (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DERRICK LANARD SHEALEY, | ) | Case No.  25-mj-8274-WM |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

FILED BY_____ **SW** ___D.C.

**May 22, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ 07/23/2024 _____ in the county of _____ Palm Beach _____ in the

____Southern____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 USC §§ 5861(d), 5871 | Possession of Unregistered Destructive Device; and |
| 18 USC §§ 922(g)(1), 924(a)(8) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

Please refer to the accompanying Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

_____Samantha Perez, Special Agent, ATF_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  May 22, 2025

_____
*Judge's signature*

City and state: _____ West Palm Beach, Florida _____

_____Hon. William Matthewman, U.S. Magistrate Judge_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 25-mj-8274-WM

I, Samantha Perez, first being duly sworn, do hereby depose and state as follows:

### Introduction

1.      Your affiant is currently a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since July of 2015. Your affiant is currently assigned to the ATF West Palm Beach Office in the Miami Field Division. As a Special Agent, your affiant has attended the Federal Law Enforcement Training Center where she has completed both the Criminal Investigator Training Program and ATF Special Agent Basic Training program. As an ATF Special Agent, your affiant has conducted and participated in investigations of a variety of federal crimes, including explosives, firearms and narcotics violations. Your affiant has received advanced specialized training within ATF over the course of two (2) years and has been a Certified Explosives Specialist since July 2024. Within these two (2) years, your affiant attended over six (6) explosives related courses to include ATF's Basic Explosives Training Course, ATF's Post Blast Investigation Techniques course, and ATF's Homemade Explosives Identification, Processing and Disposal course. Your affiant's responsibilities as a Special Agent include, among other things, conducting investigations into criminal violations of federal law, including violations of Title 18 and Title 26 of the United States Code. Your affiant is thus a "federal law enforcement officer" as defined by Fed. R. Crim. P. 41(a)(2)(C).

2.      On the basis of my training and experience, I am aware that Title 26, United States Code, Section 5845(a)(8) includes destructive devices as "firearm[s]" under federal law, which are required to be registered in the National Firearms Registration and Transaction Record (NFRTR,) under the provisions of the National Firearms Act (NFA), Title 26, United States Code, Section

5841. I further know that a "destructive device" is defined under Title 26, United States Code, Section 5845(f) in pertinent part, as: (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, or (F) similar device; . . . and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2)[1] and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon."

      3.      I make this Affidavit in support of a criminal complaint charging **DERRICK SHEALEY** with possession of an destructive device, which falls under the definition of a firearm, which is not registered to him in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code, Section 5861(d), and with possession of a firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1).[2]

      4.      I submit this Affidavit based on my personal knowledge and information provided to me from other law enforcement officials, as well as reports and recordings of civilian victim/witness statements. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not purport to include all of the details of the investigation of which I am aware.

---

[1] Omitted subparagraph (2) concerns certain types of rockets, which are not relevant or applicable here.

[2] Your affiant is further aware that on the basis of her training and experience that "destructive devices" are also classified as "firearm[s]" under Title 18, United Staes Code, Section 921(a)(3)(D), and that such items therefore cannot be lawfully manufactured or possessed by a felon, that is, a person previously convicted for an offense punishable by imprisonment for a term exceeding one year, pursuant to Title 18, United States Code, Section 922(g)(1).

## PROBABLE CAUSE

5.      On July 23, 2024, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents responded to 8665 Crater Terrace, West Palm Beach, FL 33403 in support of the Palm Beach County Sheriff's Office (PBSO) Bomb Squad in reference to two (2) explosions.

6.      On the morning of July 23, 2024, at approximately 3:00 a.m. and 03:40 a.m., two explosions occurred at 8665 Crater Terrace, West Palm Beach, Palm Beach County, Southern District of Florida 33403. PBSO Detective Alan Smith made contact with the residents of 8665 Crater Terrace, hereinafter referred to as Victim 1 (V1) and Victim 2 (V2). V1 provided two separate videos from the residence's surveillance camera documenting the explosions at 3:00 a.m. and 03:40 a.m. Both victims provided a statement to Detective Smith and identified their neighbor, Derrick Lanard SHEALEY as a possible suspect.

7.      SHEALEY resides in the duplex next to the victims, at 8647 Crater Terrace, West Palm Beach, Palm Beach County, Southern District of Florida 33403. According to V1, SHEALEY had a recent altercation with V1. V1 provided a surveillance video recording of the altercation, which your affiant later viewed herself. Near the end of the recording, SHEALEY can be heard saying "I'll make all of you motherfuckers move about my kid – I'll – I'll blow this shit to the next fucking street."

8.      A post-blast investigation was conducted of the scene. V1's Chevrolet Suburban was parked facing the residence. The vehicle had several large cracks radiating up from the front wiper cowling on the hood, and blast debris radiating from that area. On the hood of the SUV were multiple pieces of consumer pyrotechnic debris to include pieces of cardboard and suspected cardboard plugs used at the base of consumer pyrotechnics tubes.  Additionally, there were numerous pieces of clear plastic film wrap. Alos located on the hood were two small sections of

½" and ¾" suspected copper pipe and pipe fittings which showed damage consistent with exploding from the inside.

9.      Parked adjacent to the Chevrolet Suburban but facing away from the residence was a Chevrolet Silverado that belongs to V2. Recovered from under the Silverado, laying on the ground was a 5" length of ½" nominal diameter steel pipe nipple,[3] which was capped on one end with a copper fitting, and on the other end with a brass-colored drop ear elbow fitting. This fitting had the partially destroyed word "LEE" stamped on the fitting. Both end caps showed damage consistent with exploding from the inside. Also, underneath the truck was a partially destroyed clear plastic drink bottle, which was wrapped in a clear plastic wrap, similar to that located on the SUV. This bottle smelled strongly of liquid accelerant and had several small burn marks on it. The bottle was lodged in the suspension underneath the truck. On the driver's side front tire of the truck was a substantial quantity of a brown clay-like material as pictured below. V2 stated that the brown clay-like material was not present on the vehicle the day before. Additionally, the same clay-like material was on the driveway. The material appeared consistent with the clay used in packing consumer pyrotechnics.



---

[3] A pipe nipple is a short piece of pipe with male (external) threads on one or both ends, used as a fitting to connect other pipes or fittings in plumbing and piping systems. They are commonly legitimately used in plumbing to lengthen a pipe, join different sized pipes, or create a connection between fittings.

Behind the rear of the truck, near the residence, was an approximately 13 and ½ inch long length of commercial hobby fuse, as well as burned fragments of hobby fuse under the vehicle. Additionally, recovered from the driveway near and under the Silverado truck were pieces of consumer pyrotechnic labels. There were pieces of orange labels bearing the name "World Class Fireworks" and pieces of green labels containing a yellow box with red and black writing that appears to be a warning label.

10.    While on scene, ATF Special Agent Bomb Technician (SABT) Michael Barbercheck was approached by Victim 3 (V3). V3 lives in the neighborhood and stated that he was aware of a possible prior bombing which occurred in the neighborhood a few days before July 4, 2024. V3 provided SABT Barbercheck with a plastic bag containing debris consisting of multiple small fragments of white plastic, consistent with PVC piping, and fragments of duct tape. V3 stated that this was recovered from the windshield and hood of the vehicle he drives.

11.    Detective Smith attempted to make contact with SHEALEY at his residence at 8647 Crater Terrace. While approaching the residence, Detective Smith observed a black pickup truck, later identified by Vehicle Identification Number (VIN): 2GTEC19T8Y1316097, parked in the driveway. The pickup truck had two flat tires and did not appear to have moved in some time. In plain view in the open bed of the truck, Detective Smith observed a toolbox with a clear lid. Clearly visible inside the toolbox were numerous pieces of copper pipe fittings, consistent in general appearance with those recovered during the post-blast analysis.

12.    Based on the items discovered at SHEALEY's residence, and the threats SHEALEY was recorded issuing to V1, on July 7, 2024, Detective Smith requested a state search warrant was requested for SHEALEY's residence. The warrant was signed by the Honorable Judge

Dina Keever at 12:17 p.m. and executed on July 23, 2024, by Detectives with the Palm Beach County Bomb Squad and your affiant.

13.     Inside the residence, near the kitchen, your affiant discovered a trash can which had what appeared to be brown clay powder on top of it, similar to that discovered on V2's truck at the post-blast scene. Additionally, numerous cardboard tubes with brown clay plugs in the bottom were discovered inside the trash can. Also recovered from the trash can was a wrapper from consumer pyrotechnics that said, "Big Fireworks" and "Finale Fountain".



14.     On July 26, 2024, Detective Smith visited Sky King Fireworks in Palm Beach County, Florida and found the "Finale Fountain" as pictured above. The "Finale Fountain" by "Big Fireworks" contains over 60 feet of fuse as pictured below.



15.     Additionally, recovered from the bed of the truck parked in front of the residence, was a toolbox containing numerous copper pipe fittings similar to those recovered at the post-blast scene.

16.     Further investigation revealed that the black pickup truck bearing VIN: 2GTEC19T8Y1316097 was previously registered to SHEALEY's wife, JIG, with a registration expiration of June 21, 2024. According to multiple PBSO reports, the vehicle was registered to JIG, but SHEALEY was the known driver of the vehicle. On September 27, 2021, SHEALEY was issued traffic citation number: AF78DQE for unlawful speed while driving the vehicle. In February of 2022, in PBSO Case number 22500012, SHEALEY was identified as the driver of the truck following a shooting investigation. In May of 2024, in PBSO case numbers 24063725 and 2459860, JIG stated that SHEALEY drove the truck. Additionally, JIG told law enforcement that although the truck was registered under her name, she did not drive the truck, and it belonged to SHEALEY.

17.     On July 23, 2024, ATF conducted a record query of the NFRTR to determine if SHEALEY had any registered items. The results of the query were negative for any registered destructive devices for SHEALEY. Additionally, your affiant notes that no serial numbers were

observed on any recovered parts of the two pipe bombs described above. Accordingly, your affiant is aware that such could not have been legally registered in the NFRTR which requires a serial number and manufacturer's name in order to qualify for registration with ATF under Title 26, United States Code, Section 5842(c).[4]

18.    On July 26, 2024, Detective Smith and your affiant interviewed V3's parent, hereinafter referred to as Victim 4 (V4). V4 provided law enforcement with a photo of their vehicle that was taken on July 2, 2024. The photo depicted a shattered windshield and pieces of suspected PVC pipe and duct tape. Interviews with V3 and V4 revealed that during the months of May and June 2024, SHEALEY lived with V3 at 8602 Crater Terrace which is owned by V4.

19.    On July 29, 2024, Detective Smith was contacted by V4. V4 stated that on or around June 30, 2024, when SHEALEY moved out of 8602 Crater Terrace, he caused significant damage to the interior of the property. V4 stated that they hired a handyman to do repair work and that on July 10, 2024, the handyman contacted them to advise that new damage was discovered at the property. Two sliding glass doors and a window on the front of the house were damaged. V4 stated that they did not think much about the damage to the residence until the July 23rd bombing but advised that they suspected the incidents may be related. V4 gave law enforcement verbal consent to search the house and residence.

---

[4] As noted above by your affiant, destructive devices are "firearms" under both Title 18, United States Code, Section 921(a)(3)(D)(the Gun Control Act o of 1968 (GCA), and Title 26, United States Code, Section 5845(a)(8) and (f), and therefore, must be marked in accordance with each statute. The GCA provides, in part, that licensed manufacturers "shall identify, by means of a serial number engraved or cast on the receiver or frame of the weapon, in such manner as the Attorney General shall by regulations prescribe, each firearm imported or manufactured by such importer or manufacturer." 18 U.S.C. 923(i). Similarly, the NFA requires that firearms "classified as a destructive device shall be identified in such manner" as the regulations prescribe. 26 U.S.C. 5842.

20.     Detective Smith and your affiant conducted an examination of the residence. The two sliding-glass doors on the west side of the property had multiple holes in them, which caused the doors to shatter. Additionally, a window near the front door had a small hole in it, also causing it to break.

21.     On the ground, just below the sliding glass doors, were the fragmented remains of a cast iron pipe fitting. Detective Smith and your affiant also recovered the remains of a pipe assembly consisting of a 6-inch long, ½-inch nominal diameter steel pipe nipple from the ground under the bushes near the front door. The pipe nipple was wrapped in silver duct tape and had a copper-colored metal coupling attached to one end. The pipe was blown apart, showing indications that it had exploded from the inside outward. Numerous fragments of similar tape were also recovered.

22.     A review of the judgments received from the Palm Beach County Clerk of Court and the Pinellas County Clerk of Court, confirmed that at all times material hereto, that is prior to July 23, 2024, defendant Derrick SHEALEY was convicted of at least the following felony offenses, each of which was punishable by a term of imprisonment for a term exceeding one year:

        a)   On May 8, 2008, in Palm Beach County Circuit Court Case No. 2007CF016231AXX, the defendant was adjudicated guilty for the offense of Grand Theft, pursuant to Florida Statute 812.014(1) and (2)(c), a third-degree felony;

        b)   On September 18, 2008, in Palm Beach County Circuit Court Case No. 2008CF007065AXX, the defendant was adjudicated guilty for the offense of Possessing Forged Notes, Bills, Checks or Drafts, pursuant to Florida Statute 831.08, a third-degree felony;

c) On November 22, 2010, in Pinellas County Circuit Court Case No. 522010CF005320XXXXNO, the defendant was adjudicated guilty for the offense of Fleeing or Eluding, pursuant to Florida Statute 316.1935, a third-degree felony;

d) On March 17, 2015, in Palm Beach County Circuit Court Case No. 2014CF002130AMB, the defendant was adjudicated guilty for the offense of Attempted Sale of Cocaine, pursuant to Florida Statute 777.04(1) and 893.13(1)(3), a third-degree felony; and

e) On October 10, 2023, in Palm Beach County Circuit Court Case No. 2022CF001757AMB, the defendant was adjudicated guilty for the offense of Felon in Possession of Firearm or Ammunition (Constructive Possession), pursuant to Florida Statute 790.23(1)(a), (c) and (e), and (3), a second-degree felony.

23. The destructive device recovered from underneath the Chevrolet Silverado was capped on one end with a brass-colored drop ear elbow fitting that had the partially destroyed word "LEE" stamped on the fitting. Investigation revealed that this fitting was manufactured by Lee Brass. An ATF Agent in Alabama spoke with the former President/CEO of Lee Brass who stated that to his knowledge, the only foundry where Lee Brass manufactured products was in/near Anniston, Alabama. Therefore, of necessity by its subsequent recovery in the State of Florida, your affiant submits that parts of the destructive device necessarily traveled in interstate and/or foreign commerce prior to its possession by SHEALEY.

## ATF Forensic Science Laboratory – Atlanta Submittal

24.     On July 30, 2024, the evidence recovered from 8665 Crater Terrace and 8602 Crater

Terrace was submitted to the ATF Forensic Science Laboratory in Atlanta, Georgia for analysis.

The items were as follows:

```
EXHIBITS
Lab # – (Agency #)
     1 - (1)    Metal pipe fragment
     2 - (2)    Piece of water bottle
     3 - (3)    Metal fragments
     4 - (4)    Piece of suspected fuse
     5 - (5)    Swabs (from hood of suburban)
     6 - (6)    Swabs (from windshield of suburban)
     7 - (7)    Swabs (from door panel of suburban)
     8 - (8)    Piece of suspected fuse
     9 - (9)    Metal pipe
    10 - (10)   Pieces of suspected fuse
    11 - (11)   Metal pipe fragment
    12 - (12)   Tape fragments
```

25.     On or about September 10, 2024, the ATF Forensic Science Laboratory located in

Atlanta, Georgia produced a report with the following results:

a) The metal pipe fragment in Exhibit 1 tested positive for double base smokeless

powder.

b) The plastic bottle and the plastic wrap in Exhibit 2 contained gasoline.

c) The tube assembles in Exhibit 3 contained residues chemically consistent with

smokeless powder.

d) The pipe assembly in Exhibit 9 contained a disc-shaped, double base smokeless

powder particle. The pipe assembly also contained residues chemically consistent

with double base smokeless powder.

26.     Multiple items were swabbed for the presence of DNA and the DNA swabs were submitted to the ATF Forensic Science Laboratory in Beltsville, Maryland for analysis. The remaining evidence was forwarded to the National Center for Explosives Training and Research (NCETR) for a destructive device determination.

### ATF Forensic Science Laboratory – Washington Submittal

27.     The following swabs of items recovered from 8665 Crater Terrace with the corresponding lab number were submitted to Forensic Science Laboratory – Washington located in Beltsville, Maryland for DNA analysis:

| Lab # | Agency # | |
|---|---|---|
| 1.1 | --- | Swabs of exposed threading of pipe nipple |
| 1.2 | --- | Swabs of outside of pipe and fittings |
| 2.2 | --- | Swabs of mouth of bottle |
| 2.3 | --- | Swabs of plastic bottle (exterior) |
| 2.4 | --- | Swabs of plastic wrap |
| 3.1 | --- | Swabs of pipe fittings (exterior) |
| 4.1 | --- | Swabs of fuse |

28.     The following swabs of items recovered at 8602 Crater Terrace with the corresponding lab number were submitted to the Forensic Science Laboratory – Washington for DNA in Beltsville, Maryland for DNA analysis:

| 9.2 | --- | Swabs of threads of pipe nipple |
| 9.3 | --- | Swabs of inside of fitting |
| 9.4 | --- | Swabs of pipe (exterior) |
| 9.5 | --- | Swabs of tape (non-adhesive) |
| 9.6 | --- | Swabs of tape (adhesive) |
| 11.1 | --- | Swabs of entire fitting fragment |
| 12.1 | --- | Swabs of tape (both sides) |

29.     On or about December 10, 2024, the ATF Forensic Science Laboratory located in Beltsville, Maryland produced a report with the following results. According to the report, Lab Exhibits 2.3 and 2.4 produced profiles that were suitable for comparison purposes. Lab Exhibit 2.3 had a partial male DNA profile consistent with a single contributor. This profile was uploaded to the Combined DNA Index System (CODIS) on November 18, 2024.

30.     On December 18, 2024, PBSO Detective Smith obtained a state arrest warrant for SHEALEY for one (1) count of possession of a destructive device resulting in property damage, pursuant to F.S. 790. 161(3). SHEALEY was arrested later that day by the Okeechobee Police Department in Okeechobee County, Florida.

31. On December 19, 2024, PBSO Detective Smith obtained a search warrant for SHEALEY's DNA. On that same day, your affiant and PBSO Detective Smith served SHEALEY with the DNA warrant at the Palm Beach County Jail Main Detention Facility. Two (2) buccal swabs obtained from SHEALEY's mouth were turned over to your affiant and placed into ATF evidence.

32.     On or about January 20, 2025, ATF's CODIS Administrator authored a letter to your affiant stating that a search of the National DNA Index System (NDIS) resulted in a moderate stringency match between Lab Exhibit 2.3 and convicted offender, SHEALEY.

33.    On or about March 14, 2025, the ATF Forensic Science Laboratory located in Beltsville, Maryland produced a report with the following results based on their analyses of DNA recovered from the swabs of the plastic bottle and swabs of the plastic wrap with SHEALEY's known DNA standard obtained via search warrant:

a)  The DNA profile obtained from Exhibit 2.3, the swabs of the plastic bottle (exterior), were at least 1 trillion times more likely if it originated from SHEALEY as the major component and one unrelated, unknown individual than if it originated from two unrelated, unknown individuals. Based on this calculation, there is evidentiary support for the inclusion of SHEALEY as a possible contributor of the major component of the DNA profile obtained from Exhibit 2.3, the plastic bottle (exterior).

b)  The DNA profile obtained from Exhibit 2.4, the swabs of the plastic wrap, is 859 billion times more likely if it originated from SHEALEY as a contributor to the major component and two unrelated, unknown individuals than if it originated from three unrelated, unknown individuals. Based on this calculation, there is evidentiary support for the inclusion of SHEALEY as a possible contributor to the major component of the DNA profile obtained from Exhibit 2.4, the plastic wrap.

34.    DNA was also obtained via state search warrants for JIG (SHEALEY's wife) and DS (SHEALEY's son). These DNA samples were submitted to the ATF Forensic Laboratory in Beltsville, Maryland and both were excluded as contributors for Exhibits 2.3 and 2.4.

### NCETR – Destructive Device Determination

35.    On September 26, 2024, a Report of Examination for this case was authored by NCETR Device Examiner Matthew Anderson who identified four devices. According to the report, the "devices in this investigation were designed as weapons and would be properly

identified as improvised explosive bombs. Explosive bombs are destructive devices as that term is defined in 26 U.S.C., §5845(f) and would be regulated in accordance with the Federal Firearms Regulations".

36.    Devices one, two, and three were recovered on July 23, 2024, at 8665 Crater Terrace, West Palm Beach, FL 33403 and device four was recovered on July 29, 2024, at 8602 Crater Terrace, West Palm Beach, FL 33403.

37.    According to the report, "device one consisted of a quantity of explosive powder identified by laboratory analysis as smokeless powder, confined within a steel pipe nipple sealed on both ends. The absence of any mechanical or electrical component parts are consistent with a burning type delay fuse which was inserted in to the confined explosive through a hole in one of the sealed ends. A plastic bottle filled with an ignitable liquid, identified by laboratory analysis as gasoline, was placed in proximity to the device to provide an enhanced thermal effect to the explosions."

38.    "Devices two and three consisted of a quantity of explosive powder, identified by laboratory analysis as smokeless powder, confined within a lead coated copper tube sealed on both ends. The absence of any mechanical or electrical component parts are consistent with a burning type delay fuse which was inserted in to the confined explosive through a hole in one of the sealed ends".

39.    "Device four consisted of a quantity of explosive powder, identified by laboratory analysis as smokeless powder, confined within a steel pipe nipple sealed on both ends. The absence of any mechanical or electrical component parts are consistent with a burning type delay fuse which was inserted in to the confined explosive through a hole in one of the sealed ends".

## CONCLUSION

40.     On the basis of the foregoing, your affiant respectfully submits that probable cause exists to charge defendant **DERRICK SHEALEY** with possession of a destructive device, which falls under the definition of a firearm, which is not registered to him in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code, Sections 5861(d) and 5871, and with possession of a firearm by a convicted felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Special Agent Samantha Perez
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1
THIS  22nd      DAY OF MAY, 2025.

**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**   Derrick Lanard SHEALEY

**Case No:**   25-mj-8274-WM

**Count #: 1**
**Title 26, United States Code, Sections 5861(d) and 5871**
**Unlawful Possession of an Unregistered Destructive Device**
* Max. Term of Imprisonment: Ten (10) years
* Mandatory Min. Term of Imprisonment (if applicable): not applicable
* Max. Supervised Release: Three (3) years
* Max. Fine:  $250,000.00
* Special Assessment: $100.00

**Count # 2**
**Possession of a Firearm by a Convicted Felon**
**Title 18, United States Code, Sections 922(g)(1), 924(a)(8)**

* Max. Term of Imprisonment: Fifteen (15) years
* Mandatory Min. Term of Imprisonment (if applicable): not applicable
* Max. Supervised Release: Three (3) years
* Max. Fine:  $250,000.00
* Special Assessment: $100.00